UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEPHEN D. GRAINGER,

    Petitioner,

v.                                           Case No.  8:10-cv-1928-T-33AEP

SECRETARY, DEPARTMENT OF CORRECTIONS,

    Respondent.

_____

## ORDER

This cause is before the Court on Petitioner Stephen Grainger's untimely 28 U.S.C. § 2254 petition for writ of habeas corpus.  Grainger challenges his plea-based convictions and sentences entered by the Circuit Court for the Sixth Judicial Circuit, Pinellas County, Florida. (Doc. 1).  Respondent filed a response to the petition. (Doc. 5).  Although invited to do so, Grainger did not file a reply to the response.   A review of the record demonstrates that, for the following reasons, the petition must be **denied.**

### PROCEDURAL HISTORY

Grainger entered a negotiated guilty plea to five counts of robbery with firearm, as well as attempted robbery with firearm, and one count of fleeing and eluding an officer as charged in case no. CRC04-00573CFANO. He was sentenced to 40 years incarceration as a habitual felony offender and prison releasee offender with a minimum term of 30 years incarceration on each robbery count. He was sentenced to 30 years incarceration as a habitual felony offender on each of the attempted robbery and fleeing and eluding counts. The sentences are concurrent. Grainger's appointed counsel did not file a motion to

withdraw plea under Fla.R.Crim.P. 3.170.

After sentencing, and while still represented by counsel, Grainger filed a *pro se* Fla. R. Crim. P. 3.170 motion to withdraw his plea. The motion was heard July 7, 2004, and denied. Grainger appealed the denial of his motion to withdraw plea, and on July 22, 2005, in case no. 2D04-3307, the state district court of appeal concluded that his *pro se* motion to withdraw plea should have been stricken, not denied. *Grainger v. State*, 906 So. 2d 380 (Fla. 2d DCA 2005). The decision provides, in relevant part:

> In this appeal, Stephen Grainger challenges the denial of his pro se motion to withdraw plea, which was filed after sentencing. Because we conclude the motion should have been stricken, we reverse and remand with directions to strike the motion. We also comment on several errors reflected in this record that are disturbing.
>
> Grainger entered a counseled and negotiated guilty plea on seven counts for a total of forty years in prison. He then filed a handwritten pro se motion to withdraw his plea in which he claimed that at the time it was entered he was not taking prescribed medication, he "was in a severe mental state," and he "was not competent." The trial court held a hearing on the motion and denied it on the merits. The transcript of this proceeding begins with the following exchange between defense counsel and the trial judge prior to Grainger [sic] being brought into the room.
>
> THE COURT:   Good morning, Mr. Martin.
>
> MR. MARTIN:   Good morning, Judge. I saw Ms. Wardell [prosecutor] in the hall this morning. She tells me Mr. Grainger-
>
> THE COURT:   You caught her in the hall?
>
> MR. MARTIN:   -my client, wants to withdraw his plea. So, I thought I would just sit in and see what happened. Buyer's remorse. You ready, Judge?
>
> THE COURT:   All right. Well, can I see the court file?

2

Next, a brief discussion occurred between the court and the prosecutor in which the prosecutor provided to the court a transcript of the plea colloquy for the trial court to use in the hearing on Grainger's motion. The trial judge then directed the bailiff to bring Grainger into the courtroom. The judge reviewed the contents of the motion with Grainger and asked if he wished to add anything to the motion. Grainger indicated he had nothing to add to the motion. Next, the judge directed questions to Mr. Martin regarding his representation of Grainger during the plea proceeding. Mr. Martin's answers refuted the allegations in Grainger's motion.

The first error reflected on this record is the trial court's failure to initially strike Grainger's pro se motion when it was filed since Grainger was represented by counsel. Mr. Martin was court-appointed to represent Grainger in January 2004 after the public defender's office withdrew from the case due to a conflict. There is no indication in our record that Mr. Martin had been relieved of the representation at the time the hearing was held on the motion to withdraw plea in April 2004. No notice of appeal had been filed and the time for filing a notice had not expired. Thus, pursuant to Florida Rule of Criminal Procedure 3.111(e), Mr. Martin was the attorney of record at the time of hearing.FN1 Because Mr. Martin did not file the motion to withdraw plea on behalf of Grainger, the trial court was required to strike the motion as an unauthorized pro se pleading. *See Mourra v. State*, 884 So.2d 316 (Fla. 2d DCA 2004). However, counsel could have adopted the motion and proceeded to represent Grainger for the hearing.

> FN1. Rule 3.111(e) provides:
>
> (e) Withdrawal of Defense Counsel After Judgment and Sentence. The attorney of record for a defendant in a criminal proceeding shall not be relieved of any duties, nor be permitted to withdraw as counsel of record, except with approval of the lower tribunal on good cause shown on written motion, until after:
>
> (1) the filing of:
>
> > (A) a notice of appeal;
> >
> > (B) a statement of judicial acts to be reviewed, if a transcript will require the expenditure of public funds;
> >
> > (C) directions to the clerk, if necessary; and
> >
> > (D) a designation of that portion of the reporter's

3

>> transcript that supports the statement of judicial acts to be reviewed, if a transcript will require expenditure of public funds; or
>
> (2) substitute counsel has been obtained or appointed, or a statement has been filed with the appellate court that the appellant has exercised the right to self-representation. In publicly funded cases, the public defender for the local circuit court shall be appointed initially until the record is transmitted to the appellate court; or
>
> (3) the time has expired for filing of a notice of appeal, and no notice has been filed. Orders allowing withdrawal of counsel are conditional, and counsel shall remain of record for the limited purpose of representing the defendant in the lower tribunal regarding any sentencing error that the lower tribunal is authorized to address during the pendency of the direct appeal under rule 3.800(b)(2).

Because counsel did not adopt the motion and proceed to represent Grainger, the next error that occurred was on the part of defense counsel who, inexplicably, not only failed to act in a representative capacity for Grainger, but became an adverse witness against his client at the invitation of the trial judge. Mr. Martin's "buyer's remorse" comment, which was made prior to Mr. Grainger [sic] being brought into the courtroom, was adverse to his client's interests and demonstrates a failure to act in a representative capacity. And, Mr. Martin's responses to the questions posed by the judge during the hearing likewise demonstrate a failure of representation and a lack of loyalty to his client.

Counsel's failure to act in a representative capacity for Grainger laid the groundwork for the third error which occurred when the trial court proceeded to entertain the motion on its merits without providing conflict-free counsel to Grainger. Consideration of a motion to withdraw plea after sentencing, which is filed pursuant to Florida Rule of Criminal Procedure 3.170(l), is a critical stage in the proceeding, and an indigent criminal defendant has a right to the appointment of conflict-free counsel to assist in the filing of the motion. *See Iaconetti v. State*, 869 So.2d 695, 699 (Fla. 2d DCA 2004); *Smith v. State*, 849 So.2d 485 (Fla. 2d DCA 2003); *Wofford v. State*, 819 So.2d 891 (Fla. 1st DCA 2002).

We have discussed the errors reflected in this record with a view toward providing guidance to prevent their repetition. However, as we have previously explained, the motion hearing during which these errors occurred should not have taken place because Grainger's pro se motion should have

>   been stricken when filed. Therefore, we reverse and remand with directions
>   to strike the motion.
>
>   Reversed and remanded with directions.

*Grainger*, 906 So. 2d at 381-83. Grainger did not seek rehearing; nor did he pursue certiorari review in the United States Supreme Court.

Grainger filed another *pro se* motion to withdraw his plea dated September 8, 2005. On October 11, 2005, the state trial court, applying the reasoning of the state district court of appeal, held that a trial court could not accept a pro se rule 3.170(l) motion from a represented defendant.  Accordingly, Grainger's second pro se motion to withdraw plea was dismissed. Grainger appealed. On February 1, 2006, the state district court of appeal per curiam affirmed the dismissal of the motion in case no. 2D05-5677. *Grainger v. State*, 920 So. 2d 630 (Fla. 2d DCA 2006). The mandate issued February 22, 2006.

Grainger filed a *pro se* rule 3.850 motion for postconviction relief dated January 29, 2007. (Resp. Ex. 20).[1]  An amended rule 3.850 motion followed. Denying the rule 3.850 motions in part, the state trial court ordered the State to respond to the remaining grounds. After the State filed its response, the state trial court summarily denied the remaining grounds. (Resp. Ex. 25) Grainger appealed the denial of his rule 3.850 motion, and on February 27, 2008, the state district court of appeal per curiam affirmed the denial of relief in case no. 2D07-4764. *Grainger v. State*, 978 So. 2d 167 (Fla. 2d DCA 2008)[table]. Following denial of rehearing, the mandate issued April 7, 2008.

By then, Grainger had filed a pro se motion to enforce the mandate in the direct

---

[1] Grainger also filed a *pro se* petition for writ of prohibition dated April 18, 2007, which was denied without elaboration in case no. 2D07-1812 on May 15, 2007. *Grainger v. State*, 963 So. 2d 709 (Fla. 2d DCA 2007). Rehearing was denied August 8, 2007.

appeal in case no. 2D04-3307. On May 28, 2008, the state district court of appeal granted the motion to the extent that the state trial court subsequently struck the *pro se* motion to withdraw plea which had been the subject of the appeal in case no. 2D04-3307.

Grainger filed a pro se "motion to appoint conflict-free counsel to draft and file motion to withdraw plea" dated June 24, 2008. The state trial court denied the motion on July 9, 2008. The state trial court appointed counsel to represent Grainger in an appeal from the state trial court's ruling, but the state district court of appeal determined that Grainger was not entitled to counsel for the appeal. On March 17, 2010, the state district court of appeal per curiam affirmed the denial of relief in case no. 2D08-4271. *Grainger v. State,* 33 So. 3d 41 (Fla. 2d DCA 2010) [table]. Grainger filed pro se motions for rehearing and rehearing en banc, which were denied on March 23, 2010. The mandate issued May 13, 2010.

Grainger filed a pro se petition for writ of mandamus dated May 27, 2009. The state district court of appeal denied the petition on June 24, 2010, in case no. 2D10-2060. *Grainger v. State*, 41 So. 3d 902 (Fla. 2d DCA 2010).

**The Present Petition**

The present 28 U.S.C. § 2254 petition was delivered to prison officials for mailing on August 26, 2010. The petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA") effective April 24, 1996.

The AEDPA created a new limitations period for petitions for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of ... the date on which the

judgment became final by the conclusion of direct review or the expiration of the time for seeking such review...." 28 U.S.C. §2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Grainger's Petition Is Time-Barred

Grainger's AEDPA limitations period runs from the date his judgment became final on direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). Grainger's plea-based judgment became final on October 20, 2005, that is, upon expiration of the time for seeking certiorari review following the July 22, 2005, affirmance in his direct appeal. See Supreme Court Rule 13(3); *Nix v. Sec'y for Dep't of Corr.*, 393 F.3d 1235, 1236-37 (11th Cir. 2004)(Florida prisoner's conviction became "final" for AEDPA purposes on date that 90-day period for seeking certiorari review with the Supreme Court expired).

Grainger's second rule 3.170 pro se motion to withdraw his plea dated September 8, 2005, does not toll the AEDPA limitations period. In Florida, a timely rule 3.170(l) motion to withdraw plea after sentencing, that is, a motion filed within 30 days after sentencing, tolls the time for rendition of a final order imposing judgment and sentence until the trial court files a signed, written order disposing of the motion. See Fla. R.App. P. 9.020; see also, *Smallwood v. State*, 911 So.2d 849, 850 (Fla. 1st DCA 2005). The state trial court determined that Grainger's second motion to withdraw his plea was not authorized, and the state district court of appeal affirmed that determination. Because the state courts rejected the pro se motion to withdraw plea as unauthorized under state law at the time, the motion

was not "properly filed" under § 2244(d)(2). *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005)("When a postconviction petition is untimely under state law, that is the end of the matter for purposes of 28 U.S.C. § 2244(d)(2).") (internal editing and quotations omitted).

By the time Grainger filed his rule 3.850 motion dated January 29, 2007, more than one year had elapsed since finality of his judgment in which he did not have a motion pending that would toll his AEDPA limitations period. Thus, even if deemed "properly filed" under the tolling statute, the rule 3.850 motion had no practical tolling effect. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.)(per curiam)(state-court petition filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled), *cert. denied*, 531 U.S. 991 (2000). The same reasoning applies to Grainger's additional filings, including his pro se motion to enforce mandate, his pro se prohibition petition dated April 18, 2007, his pro se "motion to appoint conflict-free counsel to draft and file motion to withdraw plea," and his 2009 mandamus petition. Because his AEDPA limitations period had expired, none of these applications had any tolling effect. Moreover, neither his motion to enforce the mandate in his direct appeal, nor his "motion to appoint conflict-free counsel to draft and file motion to withdraw plea" constitutes an application for state postconviction or other collateral review under § 2244(d)(2). Such a motion is not a vehicle for reviewing his plea-based judgment, and no such review was undertaken upon his filing these motions.

The Supreme Court has held that the AEDPA's statutory limitations period set forth in § 2244(d) may be equitably tolled in appropriate cases. *Holland v. Florida*, 130 S.Ct. 2549, 2552 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary

circumstance stood in his way and prevented timely filing." 130 S.Ct. at 2553. The decision as to whether to exercise the "court's equity powers ... must be made on a case- by-case basis." *Id.*

As a threshold matter, Grainger does not allege and demonstrate he exercised "reasonable diligence" to warrant equitable tolling. *Holland*, 130 S.Ct. at 2565. He delayed in filing his rule 3.850 motion after finality of his plea-based judgment. He did so with an awareness that his previous pro se motion to withdraw plea was held to be unauthorized. In addition, Grainger tarried unnecessarily in filing his federal habeas corpus petition after his rule 3.850 motion was no longer pending in the state courts.

Grainger does not allege any extraordinary circumstance that would have prevented his filing his rule 3.850 motion earlier. Not overcoming the high hurdle of the requisite diligence and not showing extraordinary circumstances prevented a timely filing, Grainger fails to present a justifiable reason to avoid the preclusive effect of the one-year limitations period. The petition is time-barred pursuant to 28 U.S.C. § 2244(d).

**THE AEDPA STANDARD OF REVIEW**

Grainger's petition is governed by the provisions of 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *Woodford v. Garceau*, 538 U.S. 202 (2003); *Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Under AEDPA, this Court's review of the state court's factual findings must be highly deferential. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law -- including constitutional issues -- must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involve an

"unreasonable application" of such precedent. *Williams v. Taylor*, 529 U.S. 362 (2000). Indeed, it is not enough that the federal courts believe that the state court was wrong; it must be demonstrated that the state court decision was "objectively unreasonable." Id. *Breedlove v. Moore*, 279 F.3d 952 (11th Cir. 2002).

## DISCUSSION

### Ground One

Grainger contends the state trial court violated his Sixth Amendment right to counsel by not appointing him conflict-free counsel to assist him in filing a motion to withdraw his plea.[2] In support, he relies on a 2009 decision, *Sheppard v. State*, 17 So.3d 275 (Fla. 2009), in which the state supreme court recognized a limited exception to the rule of striking pro se pleadings as nullities "where a defendant files a pro se motion to withdraw a plea pursuant to rule 3.170(I), which contains specific allegations that give rise to an adversarial relationship, such as misadvice, affirmative misrepresentations, or coercion that led to the entry of the plea." *Id.* at 277.

In *Sheppard*, the Florida supreme court outlined the procedure which trial courts should follow when a defendant who is represented by counsel files a pro se rule 3.170(I) motion to withdraw a plea based on allegations that give rise to an adversarial relationship with counsel. **Before *Sheppard*,** and at the time Grainger was prosecuting his motion to withdraw his plea, the state court had established a bright-line rule against hybrid

---

[2] Grainger's allegation that "On remand the court ruled that Petitioner's pro-se motion to withdraw plea should be struck and that conflict-free counsel should be appointed to file and argue the withdrawal motion." (Doc. 2, p. 2). A review of the remand demonstrates that this is a misstatement of the instructions from the second district court of appeal. The only instruction was that the state trial court strike the motion to withdraw plea.

representation, holding that a pro se motion filed by a represented party is a nullity. *Logan v. State*, 846 So.2d 472, 475 (Fla. 2003). In 2009, the *Sheppard* Court receded from this rule and held that where a pro se rule 3.170(l) motion of a represented criminal defendant sufficiently alleges circumstances which could give rise to an adversarial relationship between the defendant and counsel, a trial court should no longer strike the motion as a nullity. *Id.* at 287. No Florida case law holds that *Sheppard* is retroactive.

Grainger claims that he is entitled to file another motion to withdraw his plea based on the state district court of appeal's decision on direct appeal. However, the state district court of appeal did not hold that Grainger must be afforded substitute "conflict-free" counsel to pursue his motion to withdraw his plea in another rule 3.170 motion. The state district court of appeal held that Grainger's *pro se* motion to withdraw his plea should be stricken under state law, and this Court does not have subject matter jurisdiction to address any of Grainger's state law arguments. The state courts are the ultimate expositors of state law. *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975).

Ground one does not warrant federal habeas corpus relief.

**Ground Two**

Grainger contends his counsel rendered ineffective assistance by not investigating his competency prior to the entry of his guilty plea. The ground is exhausted only to the extent alleged in his rule 3.850 motion as a claim of ineffective assistance of counsel, the denial of which he appealed.

Grainger claims ineffective assistance of counsel, a difficult claim to sustain. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d 1506, 1511

(11th Cir. 1995) (*en banc*) (quoting *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)).

The two-part test of counsel ineffectiveness announced in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), applies to challenges to guilty pleas based on a claim of ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Agan v. Dugger*, 835 F.2d 1337, 1340 n.6 (11th Cir. 1987), *cert. denied*, 487 U.S. 1205 (1988). A defendant must "prove serious derelictions on the part of counsel sufficient to show that his plea was not, after all, a knowing and intelligent act." *McMann v. Richardson*, 397 U.S. 759, 774 (1970). This requires him to overcome a strong presumption his attorney's performance was within the range of competence demanded of attorneys defending criminal cases. *Strickland,* 466 U.S. at 689.

The petitioner's burden to prove, by a preponderance of the evidence, that counsel's performance was unreasonable is a heavy one. *See Osborne v. Terry*, 466 F.3d 1298, 1305 (11th Cir. 2006) (citing *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc)). The inquiry is an objective one: a petitioner must establish that no objectively competent lawyer would have taken the action that his lawyer did take. *Chandler*, 218 F.3d at 1315. An ambiguous or silent record is not sufficient to disprove the strong and continuing presumption of effective representation. Where the record is incomplete or unclear about counsel's actions, it will be presumed that he did what he should have done, and that he exercised reasonable professional judgment. *Id.* at 1314 n. 15.

There are no absolute rules dictating what is reasonable performance because absolute rules would restrict the wide latitude counsel have in making tactical decisions. *See Chandler*, 218 F.3d at 1317. The prejudice requirement of the test focuses on whether

counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 58-59.

There is no reason for a court deciding an ineffective assistance claim to address both components of the inquiry if the defendant makes an insufficient showing on one. *Strickland*, 466 U.S. at 697. Upon AEDPA review of an adjudication on the merits, it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied Strickland incorrectly. A petitioner must show that the state court applied *Strickland* to the facts of his case in an objectively unreasonable manner. *Bell v. Cone,* 535 U.S. 685, 699 (2002).

## Ground Two Has no Merit

Asserting he was on a suicide watch in jail and had a mental history entailing hospitalization and medication, Grainger faults his counsel for not investigating his competency. According to Grainger, jail and medical records established his incompetency. In summarily denying his claim of proposed omission of counsel, the state trial court stated:

> The record refutes Defendant's claim that counsel was ineffective for failing to investigate defendant's competency at the time of entering his pea. Defendant stated that although he had been diagnosed as bipolar two to three years ago, he was able to understand the proceedings and participate in the plea. See *Exhibit A: Change of Plea Hearing pgs. 5-6*. The entire plea process refutes any claim that Defendant was not competent. Furthermore, Defendant was not prejudiced by counsel [sic] not doing a mental health evaluation because Defendant advised the Court of his diagnosis but stated he had been treated and it was under control. *See Exhibit A: Change of Plea Hearing*. Counsel was not ineffective for failing to advise or pursue an invalid defense, and the record refuses any claims that Defendant may have had as to his competency. This claim is denied. . . . .

(Resp. Ex. 25 at 1-2).

Grainger does not overcome the presumption of correctness of the state court's factual findings. 28 U.S.C. § 2254(e)(1). Nor did his rule 3.850 motion allege a basis upon which to conclude that not one reasonable competent attorney could have foregone further investigation into Grainger's competency.

With respect to his underlying competency issue, the standard governing competency to plead guilty is the same as that governing competency to stand trial. *Godinez v. Moran*, 509 U.S. 389, 398-99 (1993). The test of competency is whether a defendant has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding -- and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402, 80 S.Ct. 788, 788 (1960) (citation omitted). A lifelong history of mental illness and emotional problems does not demonstrate incompetency without a specific showing of how these difficulties generated a substantial doubt as to petitioner's competency at the time in question. *Medina v. Singletary*, 59 F.3d 1095, 1106 (11th Cir. 1995); *Card v. Singletary*, 981 F.2d 481 (11th Cir. 1992). Similarly, the fact that the accused is undergoing treatment with psychiatric drugs, while relevant, does not alone prove incompetence. *Sheley v. Singletary*, 955 F.2d 1434 (11th Cir. 1992) (citations omitted). To establish incompetence, evidence must establish that the drugs affected the accused to the point that he could not effectively consult with his attorney and could not understand the proceedings. *Id.* at 1439. Furthermore, "[a] bare allegation of the level of psychotropic drugs administered to petitioner before entering his plea [or going to trial] ... is insufficient to meet this evidentiary threshold." *Id.* As with all claims of ineffective assistance, "Petitioner must show that

counsel's representation 'fell below an objective standard of reasonableness' and that the 'deficient performance prejudiced the defense.' " *Id.* (quoting *Strickland, supra*).

Grainger's rule 3.850 motion did not set forth a basis upon which to conclude his counsel ignored facts, viewed objectively, that raised a bona fide doubt regarding Grainger's competency to stand trial. *Drope v. Missouri*, 420 U.S. 162, 180 (1975). Accordingly, it is objectively reasonable to conclude he failed to show deficiency in counsel's performance relative to his competency.

This claim can be disposed of on the prejudice prong of *Strickland*. Grainger does not account for his demonstrated rational behavior and coherent responses at the plea and sentencing hearings, which support the objectively reasonable conclusion there was no genuine issue of his competency to enter his pleas and to be sentenced. Given his remarks during the state proceedings and in contrast, his failure to point to "clear and convincing evidence" creating a real, substantial and legitimate doubt about his competence to stand trial or enter his plea, it is objectively reasonable to conclude Grainger fails to show there was any reasonable probability of a different outcome had his counsel investigated his competency further. The state decision resulted in a reasonable application of federal law as clearly established by the Supreme Court and a reasonable determination of the facts in light of the evidence.

Ground two does not warrant habeas corpus relief.

Accordingly, the Court orders:

That Grainger's petition is denied.  The Clerk is directed to enter judgment against Grainger and to close this case.

**CERTIFICATE OF APPEALABILITY AND**

**LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts because Petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).

Because Petitioner is not entitled to a certificate of appealability, Petitioner is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on June 21, 2011.

*(signature)*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Counsel of Record
Stephen D. Grainger